# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW S. PARKER, | ) | Civil Action No. 2:18-cv-911 |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Lenihan |
| | ) | |
| v. | ) | |
| | ) | |
| BUTLER COUNTY PENNSYLVANIA, | ) | |
| GLORIA SCHWEITZER, and | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | ECF Nos. 32 & 36 |
| Defendants. | ) | |

## MEMORANDUM OPINION

Presently before the Court are Motions to Dismiss filed by Defendants Gloria Schweitzer, and Wexford Health Sources, Inc. (ECF No. 32) and Defendant Butler County (ECF No. 36). For the reasons that follow, the Motion to Dismiss filed by Gloria Schweitzer and Wexford Health Sources, Inc. (ECF No. 32) will be granted in part and denied in part. It will be granted as it relates to Plaintiff's claims for injunctive and declaratory relief and as to any attempt by Plaintiff to hold Wexford Health liable pursuant to the doctrine of respondeat superior. It will be denied in all other respects and Plaintiff's Eighth Amendment claim against Schweitzer and *Monell* claim against Wexford Health will proceed to discovery.

The Motion to Dismiss filed by Defendant Butler County (ECF No. 36) will be granted.

I.  FACTS AND PROCEDURAL BACKGROUND

Plaintiff Matthew S. Parker ("Plaintiff") filed his Amended Complaint on February 26, 2019. (ECF No. 30.) On March 4, 2019, Defendants Gloria Schweitzer ("Schweitzer") and Wexford Health Sources, Inc. ("Wexford Health") filed their Motion to Dismiss. (ECF No. 32.) Plaintiff was ordered to file a response by April 3, 2019. (ECF No. 34.) On March 7, 2019, Defendant Butler County filed its Motion to Dismiss. (ECF No. 36.) Plaintiff was ordered to

file a response to this motion by April 5, 2019. (ECF No. 38.) On March 28, 2019, Plaintiff filed a Motion for Extension of Time to file his response to the Motion to Dismiss filed by Defendant Butler County because he had not yet received the Motion to Dismiss at his institution. (ECF No. 44.) On March 29, the Court granted Plaintiff's Motion for Extension of Time and extended Plaintiff's deadlines for filing responses to both Motions to Dismiss until May 6, 2019. (ECF No. 46.) On April 2, 2019, Plaintiff filed his Response to the Motion to Dismiss filed by Defendants Schweitzer and Wexford Health. (ECF No. 47.) As of the date of this Memorandum Opinion, Plaintiff has filed no response to the Motion to Dismiss filed by Defendant Butler County. Moreover, Plaintiff has filed no additional requests for extension of time to respond and therefore, the Court assumes that Plaintiff has received Butler County's Motion to Dismiss and accompanying brief. *See Order* ECF No. 54.

In the Amended Complaint, Plaintiff alleges that in the evening of February 27, 2018, he was booked in the Butler County Prison, for a second time, following a jury trial. (ECF No. 30 ¶ 8 at p.3.) He had been previously incarcerated there for three (3) days relating to the same case on December 20, 2016. (ECF No. 30 ¶ 8 at p.3.) During his initial incarceration, he had no difficulties getting his prescription medications from the medical staff: Prozac for severe depression; and Lisinopril for high blood pressure. (ECF No. 30 ¶ 8 at p.3.)

During processing on February 27, 2018, Plaintiff alerted the nurse to his diagnosis of Severe Depression and his prescription for Prozac. (ECF No. 30 ¶ 8 at p.4.) Following the initial medical screening, Plaintiff was placed in the Restricted Housing Unit pending classification. (*Id.*)

The next morning, during the medication pass, Plaintiff received only Lisinopril. He inquired as to why he did not receive the Prozac, and was advised to "put in a sick call slip." He

submitted the sick call slip and asked each nurse during rounds about why he had not received the Prozac. He was advised each time to submit a sick call slip. Plaintiff submitted one (1) sick call slip for each day he inquired as to why he had not received the Prozac. (ECF No. 30 ¶ 8 at p.4.)

After approximately four (4) days, Plaintiff was transferred to another unit. While there, he was called to go to the "Attorney/Client Meeting Room." He explained the situation "calmly and thoroughly" to Defendant Schweitzer who identified herself as a "Quality Mental Health Professional." Defendant Schweitzer then told Plaintiff that the CVS pharmacy has no refills on record for him and that Plaintiff was "out of luck." (ECF No. 30 ¶ 8 at p.4.) Plaintiff also alleges that she told him to "deal with it." Plaintiff asked Defendant Schweitzer to call his primary care physician to verify his prescription. Schweitzer responded that it "wasn't her job to call anyone for an inmate." Plaintiff alleges that Schweitzer again advised him to "deal with it" and that there are no difficulties in withdrawing from Prozac. Schweitzer directed Plaintiff to use his coping skills and to "get over it—this is jail." Plaintiff then states that at this point, Schweitzer dismissed him with a hand gesture and stated what sounded like "screw you sicko." (ECF No. 30 ¶ 8 at p.5.)

Thereafter, Plaintiff submitted three (3) grievances relating to his failure to receive his Prozac prescription which described his "mounting" withdrawal symptoms. In each grievance, Plaintiff detailed the primary withdrawal symptoms he faced throughout the day including severe headaches, massive mood swings, depression, and a major increase in anxiety. Plaintiff received no responses to his grievances. (ECF No. 30 ¶ 8 at p.5.)

During the week of March 16, 2018, Defendant Schweitzer met with Plaintiff again and stated that Plaintiff "whined too much" and complained about his depression and withdrawal

symptoms "too much."  Schweitzer finally stated that Plaintiff would be scheduled to see the psychiatrist and to "quit bitching."  Plaintiff's Prozac was immediately restarted after speaking to the psychiatrist via webcam.  (ECF No. 30 ¶ 8 at pp. 5-6.)

In his Amended Complaint, Plaintiff alleges an Eighth Amendment claim against all Defendants for deliberate indifference to serious medical needs.  (ECF No. 30 ¶ 9.)  He seeks declaratory relief, and injunctive relief as it relates to administrative punishment within the Butler County Prison directed to Defendant Schweitzer.  He also seeks punitive damages, costs and any other relief the Court deems just.  (ECF No. 30 ¶¶ 10-15.)

II.   LEGAL STANDARD

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

Importantly, when considering pro se pleadings, a court must employ less stringent standards than when judging the work product of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When presented with a pro se complaint, the court should construe the complaint

liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

III. ANALYSIS

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under this provision, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

A.   Motion to Dismiss filed by Defendants Wexford Health and Schweitzer (ECF No. 32)

Defendants Wexford Health and Schweitzer (collectively "Defendants") argue that Plaintiff has failed to allege an Eighth Amendment violation because he is unable to allege facts to show that he had a serious medical need to which Defendants were deliberately indifferent. (ECF No. 33 at 5-12.) Plaintiff responds that his medical needs requiring Prozac were serious and that Defendants were deliberately indifferent to those needs by denying Plaintiff his medication for 19 days while he was experiencing "mounting" withdrawal symptoms.

The Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against the States through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)).

In the context of medical treatment, an inmate must prove two elements: (1) that he was suffering from a "serious medical need," and (2) that prison officials were deliberately indifferent to the serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The second prong requires a court subjectively to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993). A prisoner must demonstrate that the official acted with more than mere negligence. *Estelle*, 419 U.S. at 105. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. It is a "well-established rule that mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103 (3d Cir. 1990). Moreover, "[a] court may not substitute its own judgment for diagnosis and treatment decisions made by prison medical staff members." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).

Here, Plaintiff's Amended Complaint states a plausible claim for relief pursuant to the Eighth Amendment. First, Plaintiff was diagnosed with Severe Depression for which he was prescribed Prozac, and for which he was treated at the Butler County Prison during his initial incarceration. Plaintiff has stated facts in the Amended Complaint to plausibly show that his depressive condition was sufficiently serious pursuant to the first prong of the *Estelle* test. *See* 429 U.S. at 106.

In addition, Plaintiff has stated facts to suggest that Defendant Schweitzer was deliberately indifferent to his serious medical needs. She was aware of his diagnosed Depression and his previous prescription for Prozac, and more importantly, of his mounting symptoms relating to the 19-day delay before his prescription was restarted. *See* ECF No. 30 ¶ 8 at pp. 5-6 (Plaintiff "whined too much" and complained about his depression and withdrawal symptoms

7

"too much.") *See also Durmer*, 991 F.2d at 68 (deliberate indifference may be manifested by the denial of reasonable requests for care or delay in treatment that results in suffering or risk of injury). Plaintiff sets out these withdrawal symptoms in the Amended Complaint. Plaintiff also suggests that he was at risk for suicide. See ECF No. 30 ¶ 9 at p.7. In addition, in his responsive brief, Plaintiff suggests that the withdrawal symptoms of Prozac are well known, including the risk for suicide, and that abrupt withdrawal from Prozac has "proven medical conditions." (ECF No. 47 at 5 & 8.)

Plaintiff has alleged enough facts to state a plausible claim for relief pursuant to the Eighth Amendment. Therefore, the Motion to Dismiss Plaintiff's Eighth Amendment claim as it relates to Defendant Schweitzer will be denied.

As to Defendant Wexford Health, Plaintiff attempts to allege two (2) theories of liability. First, Plaintiff suggests that because Schweitzer is employed by Wexford Health, that it is liable for her alleged misdeeds. (ECF No. 30 ¶¶ 4, & 6; ECF No. 47 at 7.) As a matter of law, Wexford Health cannot be liable to Plaintiff pursuant to the theory of respondeat superior, and therefore, any attempt by Plaintiff to advance this claim must be dismissed. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978).

Second, Plaintiff attempts to allege a *Monell* claim against Wexford Health. In *Monell*, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities and other local governmental units are persons subject to liability under 42 U.S.C. § 1983. In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, that is, through application of the doctrine of respondeat superior. Instead, the court concluded that a governmental unit may be liable under § 1983 only when its policy or custom, whether made by its lawmakers or by those

whose edicts or acts may fairly be said to represent official policy, inflicts the injury. *Monell*, 436 U.S. at 694. The official policy requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible. *Id.*

In finding municipal liability pursuant to § 1983, the plaintiff must identify the policy, custom or practice of the municipal defendant that results in the constitutional violation. *Id*. at 690-91. A municipal policy is made when a decision-maker issues an official proclamation or decision. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986), *quoted in*, *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). A custom or practice, however, may consist of a course of conduct so permanent and widespread that it has the force of law. *Andrews*, 895 F.2d at 1480. To establish municipal liability based upon a custom or practice, the plaintiff must demonstrate that the decision-maker had notice that a constitutional violation could occur and that the decision-maker acted with deliberate indifference to this risk. *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). Finally, Plaintiff must show a causal connection between the custom or policy and the violation of the constitutional right. *Bielevicz v. Dubinon*, 915 F.2d 845, 850-51 (3d Cir. 1990). That is, a plaintiff must demonstrate an affirmative link or plausible nexus between the custom or practice and the alleged constitutional deprivation. *Bielevicz*, 915 F.2d at 850-51.

Liberally construing the Amended Complaint, which this Court must do on a motion to dismiss a pro se complaint, the Court finds that Plaintiff has set forth enough facts to state a plausible claim for *Monell* liability as to Wexford Health. Plaintiff alleges that "Gloria purposely withheld treatment for possible personal or professional (company policy) reasons that were not explained to me." Plaintiff continues as follows:

> Deliberate indifference may be shown by systemic deficiencies in personnel, equipment, and procedures for addressing medical needs. In this case, systemic deficiencies can be demonstrated by Gloria's unprofessional and intentional neglect. Wexford Health Sources, Inc. as allowing this behavior after multiple grievances and reports as to Ms Schweitzer's activities.

(ECF No. 30 ¶ 9 at pp. 6-7.) Plaintiff suggests that Wexford Health was aware of the actions and omissions of Defendant Schweitzer because Plaintiff reported his complaints via grievances and reports directly to Wexford Health, and it acquiesced in her conduct by failing to take corrective action. *See City of Canton v. Harris,* 489 U.S. 378 (1989) (*Monell* liability may be imposed where a failure to act amounts to deliberate indifference to the rights of persons affected.) He also alleges that a company policy may be the underlying basis for her conduct. Therefore, at the motion to dismiss stage of this litigation, Plaintiff's *Monell* claim will be permitted to proceed into discovery.

Likewise, Defendants' Motion to Dismiss Plaintiff's claim for punitive damages will also be denied at this time.

CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff's requests for injunctive and declaratory[1] relief against these Defendants were rendered moot by his transfer to SCI-Houtzdale, especially in the absence of any indication that he will once again be confined at Butler County Prison. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003). These claims for relief will be dismissed with prejudice.

B. <u>Motion to Dismiss by Butler County (ECF No. 36)</u>

In support of its Motion to Dismiss, Butler County argues that Plaintiff's Amended Complaint must be dismissed because 1) he has no constitutional right to a response to his

---

[1] As noted by Defendants, "'[d]eclaratory judgment is inappropriate solely to adjudicate past conduct. Nor is declaratory judgment meant simply to proclaim that one party is liable to another.'" Defendants Brief in Support of Summary Judgment, ECF No. 33 at 13 (quoting *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (internal citation omitted)).

grievances; 2) respondeat superior is not an appropriate basis to impose liability pursuant to § 1983; and 3) *Monell* liability is not implicated by the facts alleged in the Amended Complaint. (Butler County's Brief in Support of Motion to Dismiss, ECF No. 37 at 4-7.) As noted above, Plaintiff did not file a response to Butler County's Motion to Dismiss.

Plaintiff's Amended Complaint against Butler County must be dismissed. First, Plaintiff alleges that Butler County is liable because it is the employer of Wexford Health's medical staff. (ECF No. 30 ¶ 9 at p.7.) As discussed above, respondeat superior liability will not support a claim pursuant to § 1983. *See Monell*, 436 U.S. 691. Any attempt by Plaintiff to amend on this basis would be futile as a matter of law.[2]

To the extent that Plaintiff attempts to state a constitutional violation for Butler County's failure to respond to his grievances as referenced in paragraph 9 of the Amended Complaint, no constitutional violation will arise from this alleged omission. *See Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (prisoners do not have a constitution right to any grievance procedure in the institution) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Any attempt to amend this claim would be futile as a matter of law.

Finally, Plaintiff alleges no facts to suggest *Monell* liability. Plaintiff alleges only that Butler County "allowed" the behavior of Defendant Schweitzer. (ECF No. 30 ¶ 9 at p.7.) The Amended Complaint does not suggest that a custom or policy of Butler County caused the alleged violation of his civil rights. Conversely, he alleges that during his first incarceration at Butler County Prison in December of 2016, he had no difficulties getting his medications. (ECF

---

[2] This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Given this Court's above analysis, it would be futile to allow Plaintiff to amend the Amended Complaint for a second time.

No. 30 ¶ 8 at p.3.) He does not suggest that Butler County Prison had a history of acquiescing to the withholding of necessary medications. Taking all of Plaintiff's allegations as true and affording him every favorable inference, Plaintiff is unable to state a plausible claim of *Monell* liability against Butler County. Based on the facts alleged in the Amended Complaint, any attempt to amend would be futile. Therefore, the Motion to Dismiss filed by Butler County will be granted.

IV    CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Gloria Schweitzer and Wexford Health Sources, Inc. (ECF No. 32) will be granted in part and denied in part. It will be granted as it relates to Plaintiff's claims for injunctive and declaratory relief and as to any attempt by Plaintiff to hold Wexford Health liable pursuant to the doctrine of respondeat superior. It will be denied in all other respects and Plaintiff's Eighth Amendment claim against Schweitzer, and *Monell* claim against Wexford Health will proceed to discovery.

The Motion to Dismiss filed by Defendant Butler County (ECF No. 36) will be granted.

An appropriate Order will follow.

Dated: September 3, 2019

                              BY THE COURT


                              s/Lisa Pupo Lenihan
                              LISA PUPO LENIHAN
                              United States Magistrate Judge


cc:     Matthew S. Parker
        NM-9703
        SCI Houtzdale
        P.O. Box 1000
        Houtzdale, PA 16698